, STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                        CR-08-928
                                                    /IMM - KEN - 9/3/2010


JOHN ESTABROOK

                                                    ORDER ON PETITION
V.                                                  FOR POST-CONVICTION
                                                    REVIEW

STATE OF MAINE


BACKGROUND


Before the Court is a Petition for Post-Conviction Review brought by John

Estabrook. The Petitioner is represented by Attorney Scott Lynch, and the State of Maine

is represented by Assistant District Attorney Brad Grant.

The Petitioner was found guilty of one count of Class C unlawful sexual contact

by a Kennebec County jury on April 17, 2008 after a two-day trial. On April 23, 2008 he

was sentenced to four years to the Department of Corrections, with all but two years

suspended, and was placed on probation for four years with a number of conditions of

probation. In addition, Mr. Estabrook is required to register as a sex offender under

Maine's Sex Offender Registration and Notification Act. The jury acquitted the

Petitioner of three other counts of Unlawful Sexual Contact.

The Petitioner filed an application to appeal the sentence imposed, which was

denied on September 17, 2008. He did not file an appeal of his conviction.

The Petitioner was represented by Attorney Stephen Bourget at trial. Mr.

Estabrook now alleges that he received ineffective assistance of counsel throughout the

1

trail process. By a pro-se petition dated December 8, 2008, he made a number of specific allegations, most of which were not properly raised on post-conviction. These included allegations that the sentence imposed by the Court was illegal, that the Court erred in not allowing testimony from two defense experts, and that the jury could not rationally find him guilty beyond a reasonable doubt on Count IV of the indictment if they acquitted him of Counts I through III of the same indictment.

On December 15, 2008, Justice William Anderson issued a Post-Conviction Assignment Order which provided for, among other things, the filing of an amended petition after counsel was assigned. An amended petition was filed on January 14, 2010 which made further, more specific allegations of ineffective assistance of counsel. These included claims that defense counsel should have subpoenaed Dr. James White, Ph.D, for trial. Dr. White was the victim's therapist. The State had, just before trial, successfully filed a Motion in Limine prohibiting Dr. White from testifying. Mr. Estabrook claims in this matter that had Dr. White been called he would have testified that no disclosure of sexual abuse had been made, or that the victim's statements to him would have been at variance with her trial testimony. He also alleges ineffective assistance of counsel because the defense counsel did not appeal his conviction. Further, he alleges that the defense should have timely disclosed a psychosexual evaluation of the defendant conducted by Dr. Kathryn Thomas, Ph.D, such that she would have been able to testify at trial. Finally, he alleges that the defense failed to challenge the open-ended indictment through a bill of particulars, which Mr. Estabrook alleges would have enabled him to provide an effective "time-based" defense.

## FINDINGS AND CONCLUSIONS

The parties agree on the legal standard that the Court must apply in deciding this matter. In order to prevail on this claim of ineffective assistance of counsel, Mr. Estabrook must demonstrate that there was serious incompetence, inefficiency or inattention of defense counsel that falls below that which might be expected from an ordinary fallible attorney *and* that this ineffectiveness likely deprived him of an otherwise available substantial ground of defense. *State v. Brewer,* 1997 ME 177. Importantly, the Petitioner must prevail on both prongs of this standard in order to obtain relief post-conviction.

Because the Court has concluded that the Petitioner, Mr. Estabrook, has not prevailed on the second prong, namely that any ineffectiveness alleged deprived him of an otherwise available substantial ground of defense, the Petition for Post-Conviction Review is denied.

The Court will address each allegation brought by Mr. Estabrook separately.

*Failing to procure the testimony of Dr. White*

The Petitioner alleges that defense counsel was ineffective in that he failed to procure reports and/or testimony of Dr. James White, who was the therapist for the victim in this case. The Court had the opportunity to review the records of Dr. White, which the Court allowed Attorney Lynch to subpoena for in camera review. Had defense counsel in the underlying criminal case undertaken this process, as Petitioner insisted that he should have done, he would not have found an available, substantial ground of defense. The claim or assumption that a review of these records would have revealed that the victim

3

never disclosed abuse to her therapist, or that her description of the abuse is at variance with her trial testimony, is simply not supported by a review of the records and a review of her trial testimony. Therefore, even assuming that the failure to procure the records in a timely manner constituted ineffective assistance per se, the Court finds that no available, substantial ground of defense would have been generated by use of the records, or by the testimony of Dr. White.

*Failure to appeal the Petitioner's conviction*

Although this allegation was initially understood by the Court to be a claim of ineffective assistance that deprived Mr. Estabrook of a substantial ground of defense, in the post Trial Brief in lieu of Closing Argument filed in this matter, this allegation is described as an "additional symptom of the inefficiency of counsel." (Trial Brief, pg. 6). Mr. Estabrook testified at hearing that he asked his defense counsel to appeal both his conviction as well as his sentence, while defense counsel states that he was only asked to apply for a review of his sentence. However, assuming that defense counsel should have appealed both, and/or was asked to do so, the Petitioner has failed to articulate why this failure likely prejudiced him. There was certainly testimony from the victim at trial, which when viewed in the light most favorable to the State, would have supported the jury verdict. More importantly, because the Petitioner has failed to articulate why an appeal of the conviction would have been successful had it been pursued, either through expert opinion or even argument, this claim is without merit.

*Failure to procure the testimony of Dr. Thomas*

4

The Petitioner alleges that defense counsel was ineffective by failing to disclose the psychosexual evaluation of Kathryn Thomas, Ph.D, resulting in the exclusion of the evidence. Petitioner fails to note that the reason given by the Court for excluding the evidence on April 15, 2008 was lack of foundation for her opinion, based on the qualifying language from Dr. Thomas in the report itself. More fundamentally, Petitioner fails to grasp that the Court would have never let Dr. Thomas opine at trial about the Petitioner's risk of re-offending. Dr. Thomas would also not have been allowed to simply report statements made by the Petitioner to Dr. Thomas, which if offered by the Defendant would be hearsay. While Dr. Thomas' opinion may have been relevant for sentencing purposes, the Court can conceive of no circumstances where she would have been allowed to testify at trial in a way that would likely have provided the Petitioner with an available, substantial ground of defense.

*Failure to seek a bill of particular or conduct investigation*

The Petitioner claims that defense counsel should have obtained a bill of particulars or otherwise conducted investigation to enable him to provide a "time-based defense."

The Court has reviewed the trial transcripts, as well as the transcripts of the post-conviction hearings of March 30 and May 21, 2010. A comparison of the Petitioner's trial testimony with his testimony on these dates undermines his claim that the witnesses Randall Carr and Carl Ellis would have provided him with an "alibi" or otherwise raised reasonable doubt about access or proximity to the victim during the time period implicated in Count IV of the indictment (on or about December 17, 2007 and October

5

16, 2007). This time period was the latter time period stated in the indictment, and as all parties seem to agree, the time period for which the victim provided the most detailed testimony. However, it is apparent to the Court that the Petitioner did not, in fact, review his trial testimony (or the testimony of the victim) before testifying at the post-conviction hearings, or pressing this claim through the testimony of Mr. Ellis and Mr. Carr. As pointed out by the State in its closing brief, the Petitioner's trial testimony in fact places him in and around the Monmouth area during the time period before the homecoming dance and not, as Mr. Ellis, Mr. Carr and the Petitioner claims, hunting in northern Maine. In other words, the "alibi" suggested by the testimony of these witnesses, which Mr. Estabrook now claims would have been a substantial ground of defense, is inconsistent with prior, sworn testimony of Mr. Estabrook, and the Court is left to speculate as to the meaning of this inconsistency.

The Court cannot find, based on a comparison of the trial testimony of Mr. Estabrook (and the victim) with the post-conviction testimony of these "alibi" witnesses, that Mr. Estabrook was deprived of an available, substantial ground of defense.

The entry will be: Petition for Post-Conviction Review is denied.

_____                    _____
DATE                                        SUPERIOR COURT JUSTICE

6

JOHN ESTABROOK
  vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2008-00928

DOCKET RECORD

PL. DOB: 07/20/1969
PL. ATTY: SCOTT LYNCH
        HORNBLOWER LYNCH RABASCO & VANDYKE
        261 ASH STREET
        PO BOX 116
        LEWISTON ME 04243-0116
        APPOINTED 12/18/2008

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 12/08/2008

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

12/08/2008 FILING DOCUMENT -  PETITION FILED ON 12/08/2008

12/08/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 12/08/2008

12/08/2008 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 12/08/2008

12/17/2008 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 12/17/2008

12/19/2008 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 12/19/2008
        M MICHAELA MURPHY , JUSTICE
12/23/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 12/18/2008
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL
12/23/2008 Party(s):  JOHN ESTABROOK
        ATTORNEY -  APPOINTED ORDERED ON 12/18/2008

        Attorney:  SCOTT LYNCH
02/05/2009 ORDER -  TRANSCRIPT ORDER FILED ON 01/08/2009

        Attorney:  SCOTT LYNCH
        FOR TRANSCRIPT OF TRIAL
02/05/2009 ORDER -  TRANSCRIPT ORDER FILED ON 01/09/2009

        DA:  PAUL RUCHA
        TRANSCRIPT OF TRIAL
02/05/2009 ORDER -  TRANSCRIPT ORDER FILED ON 02/02/2009

        Attorney:  SCOTT LYNCH
        COPY OF ARRAIGNMENT, DOCKET CALL, JURY SELECTION, TRIAL, SENTENCING
02/19/2009 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY PETITIONER ON 02/09/2009

02/27/2009 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 02/24/2009
        M MICHAELA MURPHY , JUSTICE
        COPY TO PARTIES/COUNSEL
02/27/2009 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY PETITIONER ON 02/27/2009

02/27/2009 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 02/27/2009
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
03/17/2009 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 03/30/2009 @ 10:00
          M MICHAELA MURPHY , JUSTICE
03/17/2009 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 03/17/2009


04/15/2009 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 04/14/2009


04/21/2009 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY PETITIONER ON 04/21/2009


04/30/2009 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 04/27/2009
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
04/30/2009 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 04/30/2009


05/01/2009 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/01/2009


06/15/2009 OTHER FILING -  OTHER DOCUMENT FILED ON 06/11/2009

          PETITIONER'S OBJECTION TO RESPONDENT'S MOTION TO DISMISS
07/21/2009 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 07/27/2009 @ 12:30
          M MICHAELA MURPHY , JUSTICE
07/21/2009 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 07/21/2009


08/05/2009 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 11/30/2009 @ 8:30
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL
08/05/2009 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 08/05/2009


08/05/2009 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 08/05/2009

          CERTIFIED COPY TO SHERIFF DEPT.
10/02/2009 HEARING -  CONFERENCE SCHEDULED FOR 10/08/2009 @ 12:45
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL
                                                    PHONE CONFERENCE - STATE TO
          INITIATE CALL TO JUSTICE MURPHY'S CELL
10/02/2009 HEARING -  CONFERENCE NOTICE SENT ON 10/02/2009


10/20/2009 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 10/19/2009


11/04/2009 HEARING -  CONFERENCE HELD ON 10/08/2009


11/04/2009 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 11/30/2009 @ 8:30

          NOTICE TO PARTIES/COUNSEL
11/04/2009 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 11/04/2009


11/19/2009 HEARING -  EVIDENTIARY HEARING NOT HELD ON 11/19/2009

          RESCHEDULED AS MOTION HEARING

11/24/2009 HEARING -  EVIDENTIARY HEARING NOT HELD ON 11/24/2009

          RESCHEDULED AS HEARING ON MOTION TO DISMISS
11/25/2009 HEARING -  MOTION TO DISMISS SCHEDULED FOR 11/30/2009 @ 8:30

          NOTICE  TO PARTIES/COUNSEL
12/04/2009 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 12/04/2009

          CERTIFIED COPY TO SHERIFF DEPT.
12/09/2009 MOTION -  MOTION IN LIMINE FILED BY DEFENDANT ON 12/08/2009

          FAXED TO JUSTICE MURPHY IN BANGOR
12/21/2009 MOTION -  MOTION IN LIMINE GRANTED ON 12/11/2009
          WILLIAM R ANDERSON , JUSTICE
          COPY TO PARTIES/COUNSEL
12/21/2009 HEARING -  OTHER HEARING SCHEDULED FOR 12/28/2009 @ 8:30
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL
12/30/2009 HEARING -  OTHER HEARING HELD ON 12/28/2009
          M MICHAELA MURPHY , JUSTICE
          Attorney:  SCOTT LYNCH
          DA:  BRAD GRANT          Reporter: JANETTE COOK
          Defendant Present in Court
12/30/2009 ORDER -  COURT ORDER FILED ON 12/29/2009
          NANCY  MILLS , JUSTICE
          ORDER AFTER IN CAMERA REVIEW
01/14/2010 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 01/14/2010

          Attorney:  SCOTT LYNCH
01/15/2010 OTHER FILING -  OTHER DOCUMENT FILED ON 01/15/2010

          LETTER FROM VICTIM ADVOCATE
01/28/2010 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 01/28/2010

01/29/2010 CASE STATUS -  CASE FILE LOCATION ON 01/29/2010

          FILE SENT TO FRANKLIN COUNTY FOR PCR CONFERENCE WITH JUSTICE MURPHY
02/11/2010 CASE STATUS -  CASE FILE RETURNED ON 02/08/2010

02/17/2010 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 03/30/2010 @ 8:30

          NOTICE TO PARTIES/COUNSEL
02/17/2010 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 02/17/2010

02/17/2010 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 02/17/2010

          CERTIFIED COPY TO SHERIFF DEPT.
03/24/2010 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 03/24/2010

03/26/2010 OTHER FILING -  OTHER DOCUMENT FILED ON 03/25/2010

          Attorney:  SCOTT LYNCH
          SUBPOENA'S FOR STEPHEN BOURGET, KATHRYN THOMAS, JAMES WHITE, JOHN O'DONNELL, RANDALL CARL

03/29/2010 OTHER FILING -  OTHER DOCUMENT FILED ON 03/29/2010


           PETITIONER'S AMENDED EXHIBIT LIST AND PETITIONER'S OBJECTION TO MOTION TO QUASH SUBPOENA
           AND TO ENFORCE 2/6/10
03/30/2010 OTHER FILING -  EXHIBIT LIST FILED ON 03/29/2010


           PETITIONER'S EXHIBIT LIST
04/12/2010 MOTION -  OTHER MOTION FILED BY PETITIONER ON 04/09/2010


           MOTION TO AMEND PETITION FOR POST CONVICTION
04/12/2010 MOTION -  MOTION FOR FUNDS FILED BY PETITIONER ON 04/09/2010


04/14/2010 SUBPOENA -  SUBPOENA TO TESTIFY RETURNED ON 04/14/2010


           Attorney:  SCOTT LYNCH
                                                              SUBPOENA SERVED
           ON LINDSEY LEACH, CHILD PROTECTIVE CASEWORKER
04/15/2010 OTHER FILING -  OTHER DOCUMENT FILED ON 04/14/2010


           NOTICE OF OPPOSITION TO PETITIONER'S MOTION TO AMEND POST CONVICTION REVIEW PETITION AND
           MOTION FOR FUNDS FOR PRIVATE INVESTIGATOR.
05/07/2010 HEARING -  EVIDENTIARY HEARING HELD ON 03/30/2010
           M MICHAELA MURPHY , JUSTICE
           Defendant Present in Court
05/10/2010 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 05/21/2010 @ 1:00
           M MICHAELA MURPHY , JUSTICE
           NOTICE TO PARTIES/COUNSEL
05/10/2010 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 05/10/2010


           CERTIFIED COPY TO SHERIFF DEPT.
05/17/2010 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 05/17/2010


           Attorney:  SCOTT LYNCH
05/19/2010 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 05/19/2010


           Attorney:  SCOTT LYNCH
           MOTION FOR RELEASE OF JUROR INFORMATION.
05/20/2010 MOTION -  MOTION TO CONTINUE DENIED ON 05/14/2010
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
05/21/2010 OTHER FILING -  TRANSCRIPT FILED ON 05/21/2010


           TRANSCRIPT OF DAY ONE OF PCR HEARING
05/28/2010 MOTION -  OTHER MOTION GRANTED ON 05/28/2010
           M MICHAELA MURPHY , JUSTICE
           MOTION FOR RELEASE OF JUROR INFORMATION.                    THE COURT HAS
           REVIEWED THE SUPERIOR COURT ADMINISTRATIVE ORDER JB-06-8(ATTACHED) AND 14MRSA 1254-B(3).
           ATTORNEY LYNCH MAY RECEIVE FROM THE CLERK'S OFFICE CONTRACT INFORMATION FOR THE JUROR IN
           QUESTION, ALONG WITH A SEARING CHART FOR BOTH THE ESTABROOK PANEL AND THE PANEL SELECTED
           IN STATE V. DALE CARR.  THE RECORD WILL BE CLOSED IN THIS MATTER ON 6/11/10.  PETITIONER'S
           BRIEF IS DUE ON 6/18, AND THE STATE'S BRIEF IS DUE..
06/14/2010 OTHER FILING -  OTHER DOCUMENT FILED ON 06/14/2010

Attorney: SCOTT LYNCH
PETITIONER'S TRIAL BRIEF IN LIEU OF CLOSING ARGUMENT          GIVEN IN HAND
TO JUSTICE MURPHY WITHOUT FILE.
06/21/2010 OTHER FILING - OTHER DOCUMENT FILED ON 06/18/2010

WRITTEN MEMORANDUM OF CLOSING ARGUMENT
                                                ORIGINAL GIVEN TO JUSTICE
MURPHY
06/23/2010 HEARING - EVIDENTIARY HEARING HELD ON 05/21/2010
M MICHAELA MURPHY , JUSTICE
Attorney: SCOTT LYNCH
DA: BRAD GRANT          Reporter: JANETTE COOK
Defendant Present in Court
06/23/2010 HEARING - MOTION TO DISMISS HELD ON 11/30/2009
M MICHAELA MURPHY , JUSTICE
Attorney: SCOTT LYNCH
DA: BRAD GRANT          Reporter: JANETTE COOK
Defendant Present in Court
06/23/2010 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 05/21/2010
M MICHAELA MURPHY , JUSTICE
09/09/2010 ORDER - COURT ORDER FILED ON 09/03/2010
M MICHAELA MURPHY , JUSTICE
THE ENTRY WILL BE: PETITION FOR POST CONVICTION REVIEW IS DENIED

A TRUE COPY
ATTEST: _____
                    Clerk